SAMUEL KNIGHT & another *vs.* SETH J. SAMPSON & another.

A judgment debtor who has entered into a recognizance, under the Gen. Sts. c. 124, § 10, to "appear at the time fixed for his examination and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon," forfeits the recognizance, if, without leave of the magistrate, he departs after his examination is finished and the magistrate has announced that the oath for the relief of poor debtors is refused him, but while the magistrate is making the certificate of such refusal required by § 25.

A justice of the peace who is a student of law with the attorney of a judgment creditor

and receives some compensation for services in the office of such attorney, is not thereby disqualified to take the affidavit of the creditor required by the Gen. Sts. *c.* 124, § 5, to authorize the arrest of the debtor on execution; and it is immaterial that afterwards, by request of said attorney, he appears with the debtor's attorney at an adjournment of the debtor's examination, and states to the magistrate that the creditor's attorney consents to a continuance thereof.

CONTRACT on a poor debtor's recognizance. The case was submitted to the superior court, and, on appeal, to this court, on these facts agreed :

On October 4, 1864, Sampson, under arrest on an execution, entered, with the other defendant as surety, into a recognizance under the Gen. Sts. *c.* 124, § 10, to deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided in the statute, " and appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." On December 22, at two o'clock after noon, his examination having been duly continued till that time, Sampson appeared before the magistrate, and his examination by the attorney of the judgment creditor was continued and finished. The magistrate then announced that on the evidence the debtor was not entitled to take the oath; and thereupon said attorney sent for an officer to take Sampson to jail " when the oath was refused and the execution ready and placed in his hands by the magistrate." The magistrate began to write upon the execution a certificate of his refusal of the oath; and, while he was so engaged, and before he had finished the certificate, and without his knowledge or consent, the debtor left the room, no officer being in attendance at the time. One or two minutes afterwards, at the moment when the magistrate finished the certificate, and " in season for him to hand it to him without any delay," the officer sent for by the creditor's attorney appeared. Not finding the debtor present, he remained for a few minutes; and then, as the debtor did not reappear, he went away, leaving the execution on the magistrate's table.

The plaintiff's affidavit for the arrest of Sampson on the exe-

cution was taken by a justice of the peace, who at the time of taking it was a student of law in the office of the plaintiffs' attorney, and "received some compensation for his services in said office;" and who afterwards, by request of said attorney, appeared with the defendants' attorney before the magistrate at one of the adjournments of the examination of Sampson, and informed the magistrate that the plaintiffs' attorney consented to a further continuance thereof.

On these facts judgment was ordered for the defendants; and the plaintiffs appealed.

*J. F. Pickering*, (*C. D. Dunton* with him,) for the plaintiffs.

*H. W. Bragg*, for the defendants.

GRAY, J.   The debtor, having entered into a recognizance under the Gen. Sts. *c.* 124, § 10, to abide the final order of the magistrate, was not liable to arrest until the magistrate had made and certified upon the execution an order refusing him the poor debtor's oath; and his failure to be in attendance at that time, when an officer was present for the purpose of taking him to jail, was a breach of the recognizance.  *Lothrop* v. *Bailey*, 14 Allen, 514.

No disqualification is shown of the justice of the peace who took the affidavit upon which the debtor was arrested on execution.   He was not the attorney of the creditor, and does not appear to have had any pecuniary interest in the case or to have received any compensation for his services therein.   The student or clerk of an attorney at law does not stand in the same relation as the attorney himself to his clients.  *Barnes* v. *Harris*, 7 Cush. 576.   *Andrews* v. *Solomon*, Pet. C. C. 356.   *Goodtitle* v. *Badtitle*, 8 T. R. 638.   The case is thus distinguished from *McGregor* v. *Crane*, 98 Mass. 530, in which the magistrate who took such an affidavit was the attorney of the party.

*Judgment for the plaintiff.*