### EDWIN A. MORSE *vs.* HORATIO H. HUTCHINS.

The joinder, to a count in tort for deceit, of a count in contract for the same cause of action, does not make a discharge under the United States bankrupt act of 1867, *c.* 176, a defence to the count in tort.

In an action for false representations in the sale of the defendant's interest in the stock and good will of a firm of which he was a member, the measure of damages is the difference between the actual value of the interest at the time of the purchase and its value if it had been what it was represented to be.

TORT for deceit in making false and fraudulent representations to the plaintiff touching the business and profits of a firm of which the defendant was a member, and thereby inducing the plaintiff to buy the interest of the defendant in the stock and good will of the firm. A count in contract for the same cause of action was joined. Answer, a general denial and a plea of a discharge in bankruptcy.

At the trial in the superior court, *Brigham*, C. J., ruled that the discharge in bankruptcy was a defence to the second count, but not to the first count; and the plaintiff relied on the first count only.

The judge instructed the jury that "the measure of damages would be the difference between the actual value of the stock and good will purchased at the time of the purchase and the value of the same had the representation been true."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. B. Staples*, for the defendant.

*G. F. Verry*, for the plaintiff.

GRAY, J. The objections that either the joinder of a count in contract with the count in tort, or the certificate of discharge in bankruptcy, would defeat the plaintiff's right of action in tort for the defendant's false and fraudulent representations, were hardly relied on at the argument, and are groundless. Gen. Sts. *c.* 129, § 2, *cl.* 5. *Crafts* v. *Belden*, 99 Mass. 535. U. S. St. 1867, *c.* 176, § 33.

The rule of damages was rightly stated to the jury. It is now well settled that, in actions for deceit or breach of warranty, the measure of damages is the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented or warranted to be. *Stiles* v. *White,* 11 Met. 356. *Tuttle* v. *Brown,* 4 Gray, 457. *Whitmore* v. *South Boston Iron Co.* 2 Allen, 52. *Fisk* v. *Hicks,* 11 Foster, 535. *Woodward* v. *Thacher,* 21 Verm. 580. *Muller* v *Eno,* 4 Kernan, 597. *Sherwood* v. *Sutton,* 5 Mason, 1. *Loder* v. *Kekulé,* 3 C. B. (N. S.) 128. *Dingle* v. *Hare,* 7 C. B. (N. S.) 145. *Jones* v. *Just,* Law Rep. 3 Q. B. 197. This is the only rule which will give the purchaser adequate damages for not having the thing which the defendant undertook to sell him. To allow to the plaintiff (as the learned counsel for the defendant argued in this case) only the difference between the real value of the property and the price which he was induced to pay for it would be to make any advantage lawfully secured to the innocent purchaser in the original bargain inure to the benefit of the wrongdoer; and, in proportion as the original price was low, would afford a protection to the party who had broken, at the expense of the party who was ready to abide by, the terms of the contract. The fact that the property sold was of such a character as to make it difficult to ascertain with exactness what its value would have been if it had conformed to the contract affords no reason for exempting the defendant from any part of the direct consequences of his fraud. And the value may be estimated as easily in this action as in an action against him for an entire refusal to perform his contract.

*Exceptions overruled.*