ABNER WOODWARD *vs.* LOT J. POWERS.

In an action on a guaranty that stock sold should be worth a certain sum, market value, within one year from date, the plaintiff contended that the measure of damages was the difference between that sum and the market value at the end of the year; the defendant contended that it was the difference between said sum and the highest value the stock reached in the market during the year. *Held,* that, as between these two measures, the latter was correct.

CONTRACT on a written guaranty, dated September 2, 1868, that twenty shares of stock in the Merchants' Union Express Company, sold by the defendant to the plaintiff, should be "worth $700, market value, within one year from date."

The plaintiff held the stock during the year, and at the expiration thereof sold it.

The plaintiff contended that the defendant was liable to pay him the difference between the market value of the stock at the end of the year and $700. The defendant contended that he was only liable to pay the difference between the highest market value of the stock at any time during the year and $700. The highest price reached by the stock during the year was $500, and its market value at the end of the year was $330.

The case was submitted on agreed facts, of which the above is all that is material, to the judgment of the superior court, and, on appeal, of this court.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff.

*W. L. Smith & E. B. Maynard,* for the defendant.

WELLS, J.   The only question in this case relates to the measure of damages for breach of a warranty, or guaranty, in a sale of certain shares of stock.   The warranty was, that the stock would be " worth $700, market value, within one year from date." The plaintiff claims the whole deficiency upon a sale of the stock at the end of the year.   The defendant contends that the difference between $700 and the highest price which the stock reached in the market, at any time during the year, is the true measure. The agreed facts furnish no elements for estimating the damages, unless one or the other of these two measures be adopted.

The general rule of damages is the difference between the value of the property, as described by the warranty or representations made upon the sale, and its value as it was in fact, or proved to be at the time to which the warranty or representations related. The difficulty of applying that rule to the present case is, that the warranty here is not of any essential quality or value in the article itself, but rather of the state of the market, or the estimate of this particular stock in the market.

The contract is not that the stock shall, during the year, reach the specified value in market, and continue to be of that value for any length of time thereafter.   It is not an agreement to indemnify the purchaser for his loss upon a resale at the end of the year.   A resale then, or at any other time, is not necessarily to be implied from the terms of the writing ; nor was it requisite as a foundation of this action.   The plaintiff's loss, upon a resale at the end of the year, is not therefore the measure of the defendant's liability.

It is true that the contract was not broken until the end of the year.   But the contract was not that the stock should be worth $700 in market value at that time.   And if it were, it would not follow that the difference would be the measure of damages, without something in the contract to show that a sale at that time was contemplated by the parties.   Suppose, for instance, that the stock had remained below $500 in market price through the year, but rose to $700 within a week afterwards ; the stock not having been sold in the mean time.   The purchaser could not be said to have suffered damages to the amount of $200 by reason of the

nonfulfilment of the warranty in respect of time merely. But where the contract does not provide for nor imply a resale, the purchaser cannot fix the amount of damages by a sale without the concurrence of the other party ; or, at least, notice to him.

It is urged that if the stock had reached the value, in market, of $700, the plaintiff might have sold without loss ; whereas he could not sell at $500 without the risk of bearing the loss himself, if the stock should subsequently advance in price during the year. But *non constat* that he would have sold sooner than he did, even if the stock had reached the price of $700 in the market. It was at his own option, and not at the control of the defendant, whether to sell or not at $500. It is no more unreasonable that he should bear the risk of loss from a subsequent rise in the market, in case he should elect to sell, than it is that he should throw upon the defendant the risk of a fall in the price, by omitting to sell.

Applying the general rule of damages to this case, as nearly as practicable, the problem would be stated thus : The defendant's warranty is that the stock would be worth $700, market value, within one year ; the stock sold was in fact worth only $500 in market during the year ; what difference in value does that comparison indicate ?

The difficulty of estimating in damages the effect of the breach of a warranty or representation of this character is not a reason against its application. *Morse* v. *Hutchins*, 102 Mass. 439.

In this case, both parties assume that the damages are to be measured by the difference between $700 and the market price of the stock at some period during the year ; either when it was highest, or at the end of the year. We think, therefore, that the difference between the highest market value reached by the stock within the year, and the value named in the defendant's guaranty, may be taken as the proper measure of damages which the plaintiff is entitled to recover. The damages awarded in the superior court must be

*Reduced accordingly.*