### STEPHEN GOODALL *vs.* ORRIN D. MYRICK & another.

A magistrate on his examination of a poor debtor announced orally his decision not to administer the oath, and made out the certificate accordingly, neither the officer nor the execution being present; the magistrate then left and the debtor also; the magistrate afterwards appended the certificate to the execution. *Held*, that there was no breach by the debtor of a recognizance, given under the Gen. Sts. *c.* 124, § 10, conditioned to deliver himself up for examination, not depart without leave of the magistrate, and abide the final order of the magistrate thereon.

CONTRACT against Orrin D. Myrick and Thomas A. Johnston, on a recognizance under the Gen. Sts. *c.* 124, § 10, entered into by Myrick, as principal, and Johnston, as surety, conditioned that Myrick, who had been arrested upon an execution issued on a judgment in favor of the plaintiff, would, within thirty days, "deliver himself up for examination," "and appear at the time and place fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon."

At the trial in the Superior Court, before *Devens*, J., without a jury, the following facts appeared :

An examination of Myrick was had before a master in chancery, at the conclusion of which the magistrate announced his decision, refusing the oath, and made out his certificate accordingly. The plaintiff's counsel immediately left the magistrate's office to get the officer and the execution, neither of which had been at the magistrate's office that day, desiring the magistrate to await his return. The magistrate did not do so, but completed the certificate and left the office, after which Myrick left, and the plaintiff's counsel returning in a few minutes with the officer but without the execution, found that both were gone. The counsel then caused the execution to be carried to the magistrate's office, and returned there and found the magistrate, who had himself then returned. The certificate was then appended to the execution by the magistrate, the plaintiff's counsel objecting thereto, and Myrick not being present.

The plaintiff asked the judge to rule " that upon this state of facts, the debtor had made default by departing without leave before a complete and proper certificate had been made by the magistrate, to be appended to the execution." The judge refused so to rule, but ruled that there was no breach of the recognizance, and found for the defendants.

The plaintiff alleged exceptions.

*T. Carleton*, for the plaintiff.

*J. H. Bradley*, for the defendants.

AMES, J. There has been no breach of the condition of this recognizance. The examination had been completed, and the debtor was present at the final decision. He was then liable to be taken upon the execution, but no officer was present to serve it. He was not bound to wait till the officer could be sent for, or to take any pains to promote or procure his own arrest. His presence there, at that stage of the proceedings, was all that was required of him by the terms of the recognizance. *Russell* v. *Goodrich*, 8 Allen, 150. There being no execution before the magistrate, upon which he could indorse a certificate of his decision, the debtor was not bound to wait till the execution should be produced for that purpose. When the final decision was announced, he was at liberty at once to depart from the magistrate's presence. *Lothrop* v. *Bailey*, 14 Allen, 514.

*Exceptions overruled.*