ELIZABETH FULLER *vs.* MICHAEL MEEHAN.

Suffolk. March 8. — June 26, 1875. COLT & AMES, JJ., absent.

If a poor debtor, who has been arrested on execution and examined before a magistrate, departs after the magistrate has announced his decision to refuse the oath, but before he has finished writing the certificate of such refusal, there is a breach of the condition of a recognizance given under the Gen. Sts. c. 124, § 10, although neither the execution nor the officer is present until ten minutes after the completion of the certificate.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by Thomas O'Leary as principal, and the defendant as surety, and conditioned that O'Leary, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the day of his arrest deliver himself up for examination before some magistrate authorized to act, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and, after judgment for the plaintiff for the amount of the recognizance, to this court, on appeal, on an agreed statement of facts in substance as follows :

On March 18, 1874, O'Leary, after due notice given, appeared before a master in chancery, and was examined by the plaintiff's attorney. When the examination was finished, the magistrate announced that the oath would be refused, and began to write out a certificate of such refusal. Before he had finished writing it out, O Leary, without leave of the magistrate, or of the plaintiff or her attorney, left the place of examination, and the certifi-

cate was finished after his departure.    At the time of his depart-
ure the execution was not in the room, nor was any officer present
to serve it; but both had been sent for.    The officer did not ar-
rive with the execution until ten minutes after the certificate was
completed.

If, upon these facts, the plaintiff was entitled to recover, judg-
ment was to be rendered for her for the sum of $160.66, with in-
terest from the date aforesaid, and costs ; if not, the defendant
to have judgment for his costs.

*R. Gray & H. W. Swift*, for the plaintiff.

*C. G. Keyes*, for the defendant.

DEVENS, J.    It has heretofore been decided that if one who
has been examined before a magistrate, for the purpose of taking
the poor debtor's oath, departs after the magistrate has announced
his decision not to administer it, but before he has made the cer-
tificate thereof, which it is his duty to annex to the execution,
there is a breach of the recognizance.    Gen. Sts. *c*. 124, § 26.
*Peck* v. *Emery*, 1 Allen, 463.    *Lothrop* v. *Bailey*, 14 Allen, 514.
*Knight* v. *Sampson*, 99 Mass. 36.    It is contended that this case
may be distinguished from those cited, because neither the exe-
cution nor the officer was present until ten minutes after the
completion of the certificate.    But the breach was complete when
the debtor departed from the presence of the magistrate without
leave, while he was proceeding with his duty in writing out his
certificate, and rendered any subsequent proceedings on the part
of the plaintiff unnecessary.

Neither the presence of the execution nor that of the officer
was important until the magistrate was prepared by the comple-
tion of his certificate to annex it to the execution, and thus em-
power the officer to take the person of the debtor into custody.

The fact that the officer with the execution did not arrive until
ten minutes after the completion of the certificate could not cover
the breach already committed by the debtor in failing to abide
the final order of the magistrate.

The present case differs from that of *Goodall* v. *Myrick*, 111
Mass. 484, where the debtor, after waiting until the magistrate
had completed his certificate, departed, there being no execution
nor officer then present, and it was held that in so doing he had
committed no breach of the recognizance.

*Judgment for the plaintiff.*