JAMES H. MCKINLEY *vs.* PETER R. WARREN.

Middlesex.    March 10, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Practice, Civil,* New trial, Setting aside by judge of his own finding, Exceptions. *Deceit. Waiver. Payment. Damages,* In tort. *Words,* "Verdict."

A judge who has heard a case without a jury and, having ruled as matter of law that the plaintiff could not recover, has made a finding for the defendant, has power afterwards, of his own volition and without the making of any motion, to set aside his finding on the ground that it was erroneous in law and to order a new trial.

R. L. c. 173, § 112, in regard to the setting aside of verdicts in civil actions, has no application to the setting aside of the finding of a judge before whom a case was tried without a jury, the word "verdict" as used in the statute importing a trial by jury.

R. L. c. 173, § 113, in regard to the granting of new trials upon motion in cases heard by a judge without a jury, does not limit the power of a judge to set aside of his own volition any finding made by him.

Where after a trial before a judge without a jury the plaintiff and the defendant each has filed a bill of exceptions which is allowed and the exceptions are heard together by this court, if neither bill states that it contains all the evidence and it is not certain that both bills contain all the material evidence, resort will be had by this court to both bills to ascertain the material facts.

In an action for deceit, the proof of a false and fraudulent representation made by the defendant that he had an option to purchase certain shares of stock for $10,000, whereby he induced the plaintiff to lend him $7,000 and to take the shares as collateral security, whereas in truth the option held by the defendant was to buy the shares for $5,000, will entitle the plaintiff to recover, this being an intentional misstatement of a present material fact, which distinguishes the case from those where a representation was made as to a price that had been paid.

Where in an action for deceit it appears that the plaintiff, by the false and fraudulent representation of the defendant that he had an option to purchase certain shares of stock for $10,000, was induced to lend the defendant $7,000 and to take the note of the defendant and his wife for that amount with the shares of stock as collateral security, whereas the option held by the defendant was to purchase the shares for $5,000, which was all that they were worth, if the plaintiff, when he discovered the fraud, did not exercise his right to rescind the contract by returning the note and the certificate of stock held as collateral, but retained the collateral and received substantial sums as interest on the note and waited a number of years before bringing the action for deceit, this shows an affirmation of the contract, but is not a waiver of the fraud by which it was induced.

In an action for deceit, in which it was shown that the defendant by false and fraudulent representations induced the plaintiff to lend him a sum of money upon certain shares of stock as collateral, taking the note of the defendant and his wife for the amount of the loan, it is right for the trial judge to refuse to rule as matter of law that the plaintiff by taking the note accepted it in payment of the loan.

Where in an action for deceit it appears that the plaintiff, by the false and fraudulent representation of the defendant that he had an option to purchase certain shares of stock for $10,000, was induced to lend the defendant $7,000 and to take the note of the defendant and his wife for that amount with the shares of stock as collateral security, whereas the option held by the defendant was to purchase the shares for $5,000, which was all that they were worth, it is proper for the trial judge to adopt the well established rule of damages that the plaintiff is entitled to recover the difference between the real value of the thing at the time it was received and what its value would have been if the representation had been true instead of false, which in the present case was computed to be the difference between the amount of money lent by the plaintiff and the value of the collateral.

RUGG, C. J. This case comes before us on exceptions by both the plaintiff and the defendant. It first was tried without a jury before a judge of the Superior Court,* who found that the plaintiff's testimony was to be believed, but ruled as matter of law in favor of the defendant. Thereafter he filed an order setting aside the finding for the defendant on the ground that he was satisfied that his finding was erroneous in law and ordering that the case should stand for trial. This was done through his own sense of justice without any motion therefor. This was plainly within the power of the court. A new trial may be granted for an error of law. *Loveland* v. *Rand,* 200 Mass. 142. In the absence of any narrowing statute a trial court is clothed with jurisdiction of its own motion to order a new trial for nu-

---

* *Fox,* J.

merous causes, including an error in law, if necessary to prevent a failure of justice. *Ellis* v. *Ginsburg,* 163 Mass. 143. *Forbes* v. *New York Life Ins. Co.* 178 Mass. 139. St. 1897, c. 472, now embodied in R. L. c. 173, § 112, is confined to the setting aside of verdicts. The word "verdict" imports trial by jury. *Bearce* v. *Bowker,* 115 Mass. 129. *Langley* v. *Conlan,* 212 Mass. 135, 139. That statute has no relation to a proceeding where there is no trial by jury. R. L. c. 173, § 113, does not limit the power of a judge sitting without a jury to set aside a finding made by him in either fact or law, of his own volition and without the making of any motion, if necessary to do justice between the parties.

This is an action of tort for deceit in the borrowing of money. The judge who heard the case at the new trial * made a finding of facts in substance to the effect that the defendant induced the plaintiff to lend him $7,000 through the false representation that he had an option to purchase stock in a corporation for $10,-000 and that, as he could raise only $3,000, he needed to borrow $7,000 to make up the purchase price, and that as collateral security for a loan for this amount he would give a joint note of himself and his wife and deposit the certificate of the stock so to be purchased. In fact, the defendant's option was to purchase the stock for $5,000, which he well knew at the time of making the representations. He made the representations with intent to deceive the plaintiff and with intent that the plaintiff should rely upon them, and the plaintiff in fact believed and relied upon them, and lent the money accordingly.

The plaintiff and the defendant filed separate bills of exceptions, but neither states that it contains all the material evidence. It is not certain that both bills of exceptions contain all the material evidence. Resort may be had to both bills to ascertain the facts under such circumstances.

The defendant contends that the finding was not warranted by the evidence. In the plaintiff's bill of exceptions it is said that the plaintiff testified that the defendant told him he had "an agreement for the purchase of the stock for $10,000." The defendant's letter to the plaintiff refers to his "option" for the

---

* *Jenney,* J.

purchase of the stock. The findings of fact cannot be set aside as unsupported by the evidence.

It further is argued that the representation amounted to no more than a statement as to cost of the stock to the person making the representation, and that under the rule in this Commonwealth, as laid down in *Hemmer* v. *Cooper,* 8 Allen, 334, and similar cases, such representation will not support an action for deceit. It has been said repeatedly that legal immunity for falsehoods in the course of commercial transactions will not be extended beyond the bounds already established. *Mabardy* v. *McHugh,* 202 Mass. 148, and cases there cited. *Noyes* v. *Meharry,* 213 Mass. 598. The representation by the defendant in the case at bar was that he had an option to buy the stock for $10,000. He well knew that he did not have such an option. This was a representation of an existing fact calculated to influence the mind of one who was solicited to lend money upon the security of the stock as collateral. This might have been found to be a misstatement of a present material fact. It was not a representation as to the price paid· and is distinguishable in its nature from the cases upon which the defendant relies.

When the plaintiff discovered the fraud which had been practiced upon him, two courses were open: (1) to rescind the contract by tendering a return of the note and certificate of stock held as collateral, or (2) to affirm the contract and sue for the damages sustained. The plaintiff followed the latter course. He did not immediately return what he had received under the contract and demand that which he had paid, but he retained the fruits of the contract and received substantial sums of interest upon it, and waited several years before bringing action. This conduct was equivalent to an affirmation of the contract and precluded him from rescinding it after the lapse of so long a time. *Bassett* v. *Brown,* 105 Mass. 551. Affirmation of the contract standing alone is no waiver of the fraud by which it was induced. *Whiting* v. *Price,* 172 Mass. 240.

The taking by the plaintiff of the note of the wife of the defendant was not conclusive payment for the loan such as to preclude reliance upon the fraud which induced him to make the loan. The rule is that the giving and taking such a note, without its subsequent negotiation, merely is presumed to be a payment

of the debt, but this presumption may be rebutted by the circumstances or conduct of the parties and is not applicable as of course in all cases. *Cary Brick Co.* v. *Wheeler,* 210 Mass. 338. *Davis* v. *Parsons,* 157 Mass. 584. The judge was warranted in refusing to rule as matter of law that the note was accepted in payment of the loan.

The rule of damages adopted by the trial judge to the effect that the plaintiff was entitled to recover the difference between the real value of the thing at the time it was received and what its value would have been if the representation had been true instead of false, is well established in this Commonwealth. *Morse* v. *Hutchins,* 102 Mass. 439. *Thomson* v. *Pentecost,* 210 Mass. 223. There was no error in its application to the facts. The plaintiff's maximum claim as stated in his declaration was the amount he had lent. The finding that the real value of the collateral at the time of its deposit was $5,000 cannot be said to have been unsupported by evidence. The finding for the plaintiff was for the difference between these two sums with interest from the date of the writ.*

What has been said disposes of all the exceptions of each party, which have been argued; either as being wrong in law or inapplicable in view of the facts as found. Those which have not been argued are treated as waived.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*

*W. D. Regan,* for the plaintiff.
*H. D. Crowley,* for the defendant.

---

\* The amount of the finding was $2,184.