NATHAN SALLINGER *vs.* JOHN F. HUGHES.

Suffolk. January 13, 1920. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Poor Debtor. Jurisdiction. Words,* "Final order."

The condition of a recognizance given by a judgment debtor when arrested on an execution was that the debtor, within thirty days from the date of the writ, should "deliver himself up for examination . . . and appear at the time fixed for his examination and from time to time until the same is concluded, and not depart without leave of the magistrate, . . . and abide the final order of the magistrate thereon." On a day set, the debtor appeared before the magistrate and was examined. At the close of the examination the magistrate made an order refusing the oath to the debtor and the clerk of the court prepared the certificate for the debtor's commitment and attached it to the execution. Later on the same day, the debtor's counsel called the attention of the magis-

trate to a certain statute and he thereafter, and before the execution with the certificate attached had left the custody of the court or had been handed to the officer, ordered the clerk to remove the certificate from the execution and continued the case to the next day, when, against the creditor's objection, he rescinded the order made on the preceding day and the poor debtor's oath was administered to the debtor.   *Held*, that

(1) Under the circumstances, the order refusing the oath to the debtor was not a "final order;"

(2) The magistrate under the circumstances had power to reconsider his first decision and to correct an error of law;

(3) The magistrate committed no error in directing the clerk to remove from the execution the certificate of arrest and in ordering the debtor's discharge;

(4) There was no breach of the recognizance.

CONTRACT upon a recognizance given in a poor debtor proceeding by Eugene L. MacDonald as principal and John Francis Hughes as surety.   Writ in the Municipal Court of the City of Boston dated September 21, 1918.

The material evidence at the trial in the Municipal Court is described in the opinion.   At the close of the evidence, the plaintiff asked for the following rulings:

"1. That upon all the evidence the plaintiff is entitled to recover.

"2. All the proceedings of a magistrate after he has adjudicated on the question of the right of the debtor to take the poor debtor's oath are *coram non judice* and void.

"3. A magistrate has no authority or jurisdiction to rescind or change his decision after he has decided to refuse to administer a poor debtor's oath.

"4. An act which is *coram non judice* is an act done by a court which has no jurisdiction either over the person, the cause, or the process.

"5. If the court finds that after the magistrate's decision to refuse the oath on September 18, 1918, he did, at the debtor's request, order the certificate, which the clerk had attached to the execution and signed, to be removed from the execution, then the magistrate at the request of the debtor rendered it impossible for the arresting officer to commit the debtor and the recognizance was breached because the debtor failed to abide the final order of the court.

"6. If the magistrate does an act at the debtor's request which renders it impossible for the arresting officer to procure a

process from the court with which to commit the debtor, the recognizance, which is absolute, is not complied with by the debtor and renders his surety liable.

"7. All the acts of a debtor who has recognized under a poor debtor recognizance are done at the peril of the surety. The burden is upon the debtor to abide the final order of the court and all acts and commissions of the debtor which disable the officer to commit the debtor are done by the debtor at the peril of himself and his sureties.

"8. The debtor runs the risk of all irregularities in the proceedings whether the same arise by accident or mistake."

The judge gave the fourth, seventh and eighth, and denied the first, second, third, fifth and sixth rulings asked for, found for the defendant, and at the request of the plaintiff reported the case to the Appellate Division. The Appellate Division dismissed the report; and the plaintiff appealed.

*L. Marks,* for the plaintiff, submitted a brief.

*J. F. Casey,* for the defendant.

CARROLL, J. The defendant was the surety on a recognizance given by one MacDonald, who was arrested on an execution issued by the Municipal Court of the City of Boston in favor of the plaintiff. The condition of the recognizance was that the debtor, within thirty days from the day of arrest, should "deliver himself up for examination . . . and appear at the time fixed for his examination and from time to time until the same is concluded, and not depart without leave of the magistrate, . . . and abide the final order of the magistrate thereon." Application was seasonably made in the Municipal Court that the oath for the relief of poor debtors be administered, and an oral examination was held on September 18, 1918. In the forenoon of that day the judge made an order refusing the oath to the debtor. The clerk prepared the certificate for the debtor's commitment and attached it to the execution. Later, on the same day, the judge's attention was called by the debtor's counsel to a certain statute; whereupon, the clerk was ordered to remove the certificate from the execution and the case was adjourned to September 19, 1918; and on that day, against the creditor's objection, the order of September 18 was rescinded and the oath administered to MacDonald. The plaintiff contends that the judge had no authority to change his

decision after refusing to administer the oath, and that there was a breach of the recognizance.

The condition of the recognizance was that MacDonald should abide the final order of the magistrate. The order of September 18 was not final. It did not appear that the execution with the certificate attached was returned to the officer or left the custody of the court. There was no final order of the court until September 19, when the oath for the relief of poor debtors was administered and the debtor discharged. The court had the power to reconsider its decision and correct an error of law of its own motion or at the request of the parties. *McKinley* v. *Warren*, 218 Mass. 310. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. This principle applies to poor debtor proceedings. There was no error of law, therefore, in directing the clerk to remove the certificate from the execution and in ordering the debtor's discharge. As the conditions of the recognizance were complied with by the debtor, the plaintiff cannot recover.

*Russell* v. *Goodrich*, 8 Allen, 150, is not at variance with this decision. In that case the final order was made, refusing the oath. The case was then adjourned to allow the debtor to secure bail. It was decided that the magistrate had no jurisdiction after his final order was made, refusing the oath to the debtor, and the debtor was not bound to attend at the time and place of the adjournment. *Fuller* v. *Meehan*, 118 Mass. 135, and *Goodall* v. *Myrick*, 111 Mass. 484, relied on by the plaintiff are to be distinguished. They are not in conflict with what is here decided. There was no error of law in refusing the plaintiff's request.

*Order dismissing report affirmed.*