Sanborn, J.
This is an action of contract or tort against the defendant for failing to deliver a new black Chrysler automobile. There was evidence that the plaintiff purchased such an automobile, but the one delivered was originally of another color and had been repainted *63 black. When the plaintiff learned of this fact, he tendered the automobile to the defendant and demanded a new automobile in accordance with the terms of the contract of sale. The defendant refused to accept the motor car stating that it had assigned its interest in it. After this refusal, the plaintiff continued to use the automobile and registered' it in 1938, “asserting at all times, however, his rights which accrued to him by virtue of the alleged misconduct of the defendant.”
The plaintiff elected to proceed on his count in contract. The Court found that there was a contract for the conditional sale of a new automobile, a breach of warranty by the defendant, a seasonable tender of the automobile by the plaintiff and a refusal of the tender, and finally a waiver of rescission by the plaintiff by acts inconsistent with his being a bailee for the seller, and found for the defendant. The plaintiff filed fourteen requests for rulings of which five were denied. The defendant filed eight requests for rulings of which the first one was granted. What disposition was made of the sixteen other requests, the report does not state and to that extent is materially incomplete.
For a breach of warranty, the plaintiff had two courses open to him; (1) to rescind the contract by tendering a return of the automobile, or (2) to affirm the contract and sue for the damages sustained. Whiting vs. Price, 172 Mass. 240, McKinley vs. Warren, 218 Mass. 310, McNulty vs. Whitney, 273 Mass. 494. It does not definitely appear that the plaintiff sought a rescission. So far as appears he never demanded a return of the money paid, but did demand that the defendant do the thing he agreed to do. But the right to rescind, we believe the court was warranted in finding had been waived by acts of the plaintiff subsequent to the tender that were inconsistent with ownership in the defendant. Gottman vs. Jaffrey-Nichols Co., 268 Mass, 10, But the loss of his right to rescind does not af *64 feet the plaintiff’s right to recover damages caused by the false representation, even though he attempted to rescind. Furber vs. Dane, 204 Mass. 412, Burke vs. Willard, 249 Mass. 313, McNulty vs. Whitney, 273 Mass. 494, Forman vs. Hamilburg, 1938 Adv. Sh. 687, and whether the action is in tort for deceit or as in the instant ease, in contract for breach of warranty, the rule is well established that the plaintiff is entitled to recover as damages the difference between the real value of the thing at the time it was received, and what its value would have been if the representation had been true instead of false. Morse vs. Hutchins, 102 Mass. 439, Whiting vs. Price, 172 Mass. 240, Thomson vs. Pentecost, 210 Mass. 223, McKinley vs. Warren, 218 Mass. 310.
The first count of the plaintiff’s declaration upon which he elected to rest his case, while lacking the clearness that characterizes good pleading, sufficiently sets forth a claim for damages for breach of warranty to entitle the plaintiff to a finding, and there was error in ruling the evidence warranted as a matter of law a finding for the defendant., (Defendant’s request Number 1.) Although the report states that, evidence was received as to the damages sustained by the plaintiff as the result of the defendant’s breach of contract, (evidence that would be immaterial in case of rescission) we are of the opinion there should be a new trial but this should be limited to an assessment of damages for the breach of contract. So ordered.