Adlow, J.
In an action of contract or tort the court found for the plaintiff in tort in the amount of $222.80 on the following facts:
On or about June 18, 1940 the defendant who was indebted to the plaintiff corporation in the amount of $192.00, then overdue, applied to the plaintiff for a new loan of $288.00. The plaintiff required from the defendant a financial statement in writing which the defendant furnished. This statement failed to disclose that the defendant was indebted to another finance company in the sum of $251.98 at the time. The agent of the plaintiff company who handled the matter testified that he relied on the truth of this statement and would not have made the loan if he had *209 known the true facts. The defendant testified that he did not reveal the obligation to the other company because he feared that if he disclosed it the plaintiff would not have approved his application for a new loan. The application for the loan was approved and on receiving the $288.00 the defendant paid the outstanding indebtedness on the prior loan and subsequently paid $88.10 on account of the new loan. On February 15,1941 the defendant filed a voluntary petition in bankruptcy and listed the plaintiff as a creditor. Fo dividend had been paid on account of the defendant’s obligations and the case was tried as if he had already received his discharge in bankruptcy. On these facts there is ample evidence to warrant a finding by the court that the plaintiff was damaged by the defendant’s false representations. Any contention by the defendant to the, contrary appears frivolous. In re Weitzman, 11 Fed. (2nd) 897, Erickson v. Bicknell, 28 Fed. (2d) 729.
For can we agree with the contention of the defendant that the plaintiff can only recover to the extent of the additional money that it advanced to the defendant on June 18, 1940. While some jurisdictions may follow the English rule as defined in Peek v. Derry, L. R. 37 Ch. Div. 541 (1887), and limit recovery for fraud to the actual loss suffered by the defrauded party, the rule in Massachusetts has given to the victim of a fraudulent transaction not only what he has lost but what he would have realized from the transaction had it been as represented. Morris v. Hutchins, 102 Mass. 439. McKinley v. Warren, 218 Mass. 310, 314. Piper v. Childs, 290 Mass. 560, 562. Forman v. Hamilburg, 300 Mass. 138, 143.
The refusal of the court to rule as requested was proper. Report dismissed.