Barton, J.
INTRODUCTION
The plaintiff, Pacific National Bank of Nantucket (Pacific), brings this action to enforce a default judgment from the Circuit Court of the First Circuit in the State of Hawaii against the defendant, Laurence J. Caldwell (Caldwell). Pacific also seeks to reach and apply the property of Caldwell, held by Arthur I. Reade (Reade) as Executor of the Estate of Robert C. Caldwell and Reade and Sarah F. Alger (Alger) as Co-Trustees of the South Lot Trust, in satisfaction of its judgment and related coats.
BACKGROUND
From the materials submitted to the court in conjunction with the summary judgment motion, the undisputed facts are as follows. On June 5, 1990 a Justice of the Circuit Court of the First Circuit in the State of Hawaii entered a default judgment against Caldwell, in favor of Pacific. The judgment ordered Caldwell to pay Pacific $302,328.62, covering the principal and interest on six promissory notes, (on which Caldwell defaulted on his obligations), costs and reasonable attorney’s fees. Reade is the Executor of the Estate of Robert C. Caldwell, of which Caldwell is a beneficiary. Pacific seeks to reach and apply the property that Reade and Alger hold in trust for Caldwell as equitable relief. Caldwell denies that Pacific has any rights in the property being held in trust.
*575 DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ..." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
Massachusetts Rules Civil Procedure 56(e)[2] requires affidavits used for the purpose of either supporting or opposing summary judgment must (i) be made on personal knowledge, (ii) set forth such facts as would be admissible in evidence and (iii) show' affirmatively that the affiant is competent to testify to the matters stated therein. Samuels v. Brooks, 25 Mass.App.Ct. 421, 429 (1988). In certain cases failure to comply with Rule 56(e) “may prove to be nonprejudicial,” where, for instance, there is no dispute concerning the accuracy of information contained in an affidavit, such as the accuracy of results of records . . ." Post v. Commissioner of Dep’t of Envtl. Eng’g, 403 Mass. 29, 35 (1988). Pacific, in support of its motion for summary judgment, submitted a certified copy of a default judgment from the Circuit Court of the First Circuit in the State of Hawaii. The court affixed an exemplification page to the judgment order, on which two clerks and one judge attested to the authenticity of the document and of the signatures thereon. The Supreme Judicial Court observed in Correllas v. Vivieros, 410 Mass. 314, 317 (1991), that it has never been “overly technical in our reading of what a judge should consider on a motion for summary judgment.” Massachusetts courts have held that sources not specifically mentioned in Rule 56(e) are proper for a judge to consider on the question of summary judgment. See, e.g., Jackson v. Longcope, 394 Mass. 577, 580 n.2 (1985) (stating facts of which judge can take judicial notice proper to consider on summary judgment motion); Rutland v. Fife, 385 Mass. 1010 (1982) (considering a letter as part of summary judgment record); Makimo U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass.App.Ct. 302, 318 n.6 (stating a judge may consider testimony received in court on summary judgment motions).
Caldwell’s opposition to the motion for summary judgment is based on the insufficiency of the materials Pacific submitted in support of the facts. Caldwell argues that it is improper to hear the motion because Pacific did not provide affidavits swearing to the authenticity of the default judgment. It is this court’s position that it may properly consider a certified copy of the default judgment on the motion for summary judgment. Furthermore, the certificate of attestation, signed by two clerks and a judge, serves as the affidavit of someone with personal knowledge of the records’ authenticity, and of someone who is competent to testify to the same. Mass.R.Civil.P. 56(e). Caldwell did not submit materials in support of his memorandum in opposition and failed to raise any genuine issues of material facts.
Additionally, when a defendant fails to appear in a foreign action, he or she is restricted in Massachusetts to litigating the single issue of whether the foreign state had proper j urisdiction. Shapiro Equipment Corp. v. Morrs & Sons Construction Corp., 369 Mass. 968, 969 (1976) (rescript). Although Caldwell denied he was a resident of Hawaii in his answer, he neither admitted or denied that he was properly served and that Hawaii had personal jurisdiction over him. Caldwell fails to set forth any specific facts which raise a genuine issue concerning the propriety of Hawaii’s jurisdiction.
Massachusetts courts have held that a defendant’s interest in property held in trust is subject to an action to reach and apply. See Whiteside v. Merchants Nat'l Bank, 284 Mass. 165, 175 (1933) (holding defendant’s interest in trust funds subject to creditor’s action to reach and apply under G.L.c. 214 §3); Clarke v. Fay, 210 Mass. 228, 235-36 (1910) (defendant’s contingent interest in trust property subject to action to reach and apply); G.L.c. 214 §3(6). The contingent nature of a defendant’s interest in trust property does remove that interest from the scope of G.L.c. 214 §3(6). See, e.g., Whiteside v. Merchants Nat'l Bank, 284 Mass. 165, 174 (1933) (defendant’s contingent interest in trust property subject to action to reach and apply under G.L.c. 214 §3); Clarke v. Fay, 210 Mass. 228, 235-36 (1910) (analogizing contingent interests to ‘vested interests in contingent rights’); Queen v. Vermont Mutual Ins. Co., 32 Mass.App.Ct. 343, 346 (1992) (interests in trust depending on contingency are ‘tangible’ may be subject to assignment or attachment of creditors). Defendants Reade and Alger do not contest the Superior Court’s jurisdiction over Pacific’s action to reach and apply pursuant to G.L.c. 214 §3(6). Reade and Alger neither assented to nor opposed Pacific’s motion for summary judgment. They did not *576 submit any materials in support of their response to Pacific’s motion for summary judgment, and did not set forth any specific facts that show there is a genuine issue for trial.
ORDER
For the'foregoing reasons, it is hereby ORDERED tliat tire Plaintiffs Motion for Partial Summary Judgment be ALLOWED as to all counts.

Mass.R.Civ.P. 56(e) provides in part, “[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached ... [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.”