Robert MITCHELSON, Plaintiff,

v.

AVIATION SIMULATION TECHNOLO-
GY, INC. and the Sippican
Corporation, Defendants.

Civ. A. No. 80–2654–S.

United States District Court,
D. Massachusetts.

May 4, 1983.

Michael A. Collora, Diane C. Tillotson,
Hemenway & Barnes, Boston, Mass., for
plaintiff.

Bernard J. Bonn, III, Martha S. Samuel-
son, Testa, Hurwitz & Thibeault, Boston,
Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff Mitchelson brings this action
seeking damages arising out of the acquisi-
tion of defendant Aviation Simulation Tech-
nology ("AST") by defendant Sippican Cor-
poration ("TSC"). On February 19, 1982,
this court granted defendants' motion for
summary judgment on Count IV and de-
nied the motion for Counts II and III. The
case is presently before the court on de-
fendants' renewed motion for summary
judgment on Counts II and III. For a
recitation of the facts relevant to this ac-
tion, see my Memorandum and Order dated
February 19, 1982.

TSC acquired all of the outstanding stock
of AST on November 29, 1979 pursuant to
an agreement with Mitchelson. On that
same date, Mitchelson entered into an em-
ployment agreement which included an
agreement not to compete. An appendix to
that employment agreement ("Appendix
I"), executed simultaneously, provided ei-
ther party with the option of terminating
the employment agreement, with the excep-
tion of the noncompete clauses. It further
provided Mitchelson with the right to ob-
tain AST aviation flight simulators from
TSC if his employment was terminated.
The employment agreement and the sale of
the AST stock became final on December
15, 1979. Mitchelson terminated his em-
ployment with TSC two days later, on De-

cember 17, 1979. Plaintiff alleges that he was forced to sign a contract that substantially changed the provisions in Appendix I when he went to pick up two simulators as provided for in Appendix I on April 14, 1980.

*Count II.*

Count II alleges liability under M.G.L. c. 93A, §§ 2 and 11 based on the transactions from November 29, 1979 through April 14, 1980. TSC contends that plaintiff's c. 93A claim is a combination of a dispute concerning an employment contract and a dispute concerning securities transaction and as such is outside the scope of c. 93A. In light of the following, I assume without deciding that plaintiff's claim may be divided into its components.

▆▆▆ Disputes between employers and employees are outside the scope of c. 93A. *Manning v. Zuckerman*, 388 Mass. 8, 11–13, 444 N.E.2d 1262 (1983); *Weeks v. Harbor National Bank*, 388 Mass. 141, 144, 445 N.E.2d 605 (1983). In order to find the cause of action outside of c. 93A, the disputed actions must have occurred while Mitchelson was an employee. *Weeks v. Harbor National Bank*, 388 Mass. at 144 & n. 2, 445 N.E.2d 605. Mitchelson alleges that the illegal coercion was applied during the hiring process when he sold his stock, prior to the time he became an employee. Further, he alleges that he was illegally coerced to sign a contract modifying Appendix I on April 14, 1980, after the employment relationship had terminated. Taken as a whole, the allegations in Count II may not be characterized fairly as "arising out of an employment contract". Accordingly, defendant's motion for summary judgment is DENIED with respect to that claim.

▆▆▆ Defendants further contend that the allegation that TSC failed to disclose material facts about its financial condition describes a securities transaction, and as such is outside the scope of c. 93A. The Massachusetts Supreme Judicial Court has not yet addressed the question of whether a cause of action under M.G.L. c. 93A will lie for alleged securities violations. While c.

93A makes no express reference to liability under the security laws, the Legislature has provided that the act is to be construed "by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act...." M.G.L. c. 93A, § 2(b). I have not located any decision by a federal court or by the Federal Trade Commission which imposes liability for securities violations under the Federal Trade Commission Act. Under comparable circumstances, two judges of this court have denied relief under c. 93A. *Rudsten v. Reynolds*, C.A. No. 80–0764–Z (D.Mass., March 17, 1982); *Palace v. Merrill, Lynch, Pierce, Fenner, & Smith*, C.A. No. 80–1831–T (D.Mass., August 3, 1981).

In *Kennedy v. Josephthal & Co., Inc.*, C.A. No. 82–913–Ma (D.Mass., June 29, 1982), however, Judge Mazzone concluded that the tendency of the Supreme Judicial Court of Massachusetts is to apply c. 93A even though there is another applicable regulatory statute and the subject matter is not specifically covered by the FTCA. *See Raymer v. Bay State National Bank*, 384 Mass. 310, 424 N.E.2d 515, 521 (1981). While I have some doubt about the wisdom of applying layers of regulation to the same activity, I am obliged to yield to the Massachusetts court. I agree with Judge Mazzone's reading of the tendency of the Massachusetts cases and accordingly follow his holding in *Kennedy, supra*, that c. 93A applies to the sale of securities. This is particularly appropriate where the sale of securities is only part of a complex business transaction, as in the present case.

*Count III.*

Defendant raises the same arguments in support of its renewed motion on Count III that it raised on its original motion, and I reject those arguments for the reasons stated in my Memorandum and Order dated February 19, 1982.

Accordingly, defendants' motion for summary judgment on Counts II and III is DENIED.