**Francis HICKEY et al., Plaintiffs,**

v.

**Charles H. HOWARD, III et al., Defendants.**

**Civ. A. No. 82–1779–G.**

United States District Court, D. Massachusetts.

Dec. 13, 1984.

**1106**

Robert H. Bohn, Jr., Paul G. Gitlin, Gitlin Emmer, Kaplan & Bohn, Boston, Mass., for plaintiffs.

Harvey J. Wolkoff, Ropes & Gray, Boston, Mass., for defendants.

### ORDER

GARRITY, District Judge.

On June 11, 1984, plaintiffs moved to amend their complaint, which alleges that defendant stockbrokers "churned" plaintiffs' accounts, to add a claim for treble damages under Mass.G.L. c. 93A.[1] On October 29, 1984, the court declined to certify the issue of the applicability of c. 93A to securities claims to the Supreme Judicial Court of Massachusetts. After reviewing briefs submitted by the parties on this issue, we hold that c. 93A is applicable to securities transactions.

The scope of c. 93A is broadly defined in § 2(a), which provides that all "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The statute itself makes no reference to its applicability to securities transactions. Nor has the Massachusetts Supreme Judicial Court addressed this is-

sue. Our task, then, is to determine what the Supreme Judicial Court would decide if confronted with this question.

Two judges in the United States District Court for the District of Massachusetts have held that § 2(b) of c. 93A limits the scope of the Act. This section provides that the statute is to be construed "by the interpretations given by the Federal Trade Commission and the federal courts to section 5(a)(1) of the Federal Trade Commission Act ...." These judges reason that because the FTC Act does not apply to securities transactions, neither does c. 93A. *See Conkling v. Moseley, Hallgarten, Estabrook & Weeden*, D.Mass.1983, 575 F.Supp. 760; *Sweeney et al. v. Keystone Provident Life Insurance Company et al.*, D.Mass.1983, 578 F.Supp. 31.

However, we concur instead in the opinions of three other judges of this court who have determined that Massachusetts courts would allow a c. 93A action for alleged securities violations. *See Kennedy v. Josephthal & Co., Inc.*, No. 82–913–Ma (D.Mass. June 29, 1982); *Sullivan et al. v. Dean Witter Reynolds, Inc. et al.*, No. 82–3300–K (D.Mass., June 9, 1983); *Mitchelson v. Aviation Simulation Technology, Inc.*, D.Mass.1983, 582 F.Supp. 1. Recent decisions by the Supreme Judicial Court have expanded the scope of c. 93A, not restricted it. *See Dodd v. Commercial Union Insurance Co.*, 1977, 373 Mass. 72, 365 N.E.2d 802 (c. 93A applies to insurance transactions); *Raymer v. Bay State National Bank*, 1981, 384 Mass. 310, 424 N.E.2d 515 (c. 93A applies to the banking industry). These Supreme Judicial Court decisions also indicate that while § 2(b) provides that the FTC Act should be used as a "guide" in construing c. 93A, it should not be used arbitrarily to limit its scope. *See Raymer*, at 319, 424 N.E.2d 515 ("The fact that [banks] are exempted from the Federal Trade Commission Act because they are regulated by a different Federal agency does not require a similar exception from c. 93A"). Furthermore, these cases demon-

1. Plaintiffs also sought to add a claim under the RICO statute, 18 U.S.C. § 1964(c). On August 30, 1984 the court denied plaintiffs' motion with respect to the RICO claim.

strate that c. 93A may be applied to areas already covered by federal or state regulation.

Accordingly, we grant plaintiffs' motion to amend their complaint to add a claim under c. 93A.